Supreme Court, New York Special Term. Reported N. Y. L. J.,
November 30, 1896.

THE PEOPLE ex rel. WILLIAM S. GRAY *v.* GEORGE HILLIARD as
Special Deputy Commissioner of Excise.

BEEKMAN, J.  The relator is the duly appointed receiver of a
judgment debtor who is the holder of a liquor tax certificate
having still some time to run.  The receiver is not in possession
of the certificate, and as the judgment debtor cannot be found he
is not able to obtain such possession.  Proof of these facts has
been submitted to the commissioner of excise, coupled by a formal
statement by the receiver that he surrendered the certificate and
demanded the surrender value, under section 25 of chapter 112
of the Laws of 1896, known as Liquor Tax Law.  The commis-
sioner has refused to recognize the validity of this demand, on
the ground that, under the law, the party making the demand
must physically surrender the certificate in order to entitle him
to receive the rebate.  The question is brought up for consider-
ation upon a demurrer to the return made by the commissioner
to a writ of alternative mandamus which has been sued out by
the relator to compel such payment.  A liquor tax certificate
under the liquor law has a double significance.  It not only
evidences the fact of the payment of the tax, but it also operates
to make a traffic in liquors lawful for the person to whom it is
issued.  Furthermore, the physical possession of the certificate
is also essential to authorize such traffic and its continuance
during the term for which the tax has been paid.  Section 21
of the law provides that before commencing or doing any business
for the time for which a liquor tax is paid and a certificate is
given, such certificate shall be posted up and at all times dis-
played in a conspicuous place where such traffic is carried on.
Section 27 permits the sale and assignment of such certificate
and authorizes the purchaser to continue the traffic thereunder on
certain conditions — among others, the presentation of such cer-
tificate to the officer who issued the same, or to his successor in
office, "who shall write or stamp across the face of the certificate,
over his signature, the words 'consent is hereby given for the
transfer of this liquor tax certificate to' (and here insert the
name of the corporation, association, copartnership or person to

whom the same is transferred)." Section 25 provides that the holder of such certificate may surrender it to the officer who issued the same, "who shall thereupon cancel the same and refund the pro rata amount of the tax paid for the unexpired term of such tax certificate." The same section also provides that a receiver of the property of a person holding such certificate may in like manner, surrender the same, or may continue to carry on the business, in which latter event the certificate shall have written or stamped across its face, over the signature of the officer who issued the same, a permission to continue the traffic for the unexpired term. Sufficient has been shown to indicate the importance attached to the physical possession of the certificate, and the dependence of the rights of the person to whom it has been issued, or to whom it has been transferred, upon such possession. I have, therefore, come to the conclusion that when the statute provides for the surrender and cancellation of the certificate, it means not only a surrender of the rights to traffic in liquor under the law, but also, where it is in existence an actual surrender of the paper itself and its physical cancellation. The importance of this to a proper administration of the law by those appointed to supervise its operation is apparent. Taking the present case as an illustration, it may be that before the receiver was appointed the judgment debtor has assigned the certificate, and transferred its possession to such assignee. Should such purchaser present it to the commissioner, with the written application and bond required by the law, the latter would be compelled to give his consent to such transfer and thereupon the assignee would be entitled to traffic under the certificate in like manner as if it had been originally issued to him. In that event, if the refund asked for in his application should have been made, the situation would be either one where the commissioner would become personally responsible for the amount of the tax so refunded, or the business would be carried on under the certificate for the balance of the term without the payment of the tax, which conditions the lawfulness of the traffic. The statute should not receive a construction which would result in such inconsistency and confusion. I am, therefore, of the opinion that upon the facts before me the relief asked for should not be granted. In stating this conclusion, I also wish it to be understood that I do not decide that appropriate relief may not be obtained where the certificate has been destroyed through some

casualty, and that fact plainly appears. That would present a different case, to be determined upon a different principle. All that I undertake to hold here is that where it appears that the certificate is in existence, the commissioner of excise cannot be called upon to accept a surrender of the same without its physical production for cancellation. For the reasons which I have stated, it follows that the demurrer must be overruled and judgment awarded to the respondent, dismissing the writ.